FILED
U.S. DISTRICT COURT
SAVANNAH DIV
2012 JUL 20 AM 11:33
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALONZO HAWKINS,

    Plaintiff,

v.

DON JARRELL; JOHN PAUL;
DR. JONES; DR. BROOME;
ANN UNDERWOOD; M. LYNN;
DR. CHEETAM; Nurse RONLAND;
Nurse BURK; Ms. KING; and
Ms. BROWN,

    Defendants.

CIVIL ACTION NO.: CV612-042

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated June 28, 2012, which recommended that certain of Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, and certain named Defendants be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Plaintiff avers that the statute of limitation has not run on his claims that Defendants were deliberately indifferent to his serious medical needs during the months of February through April 2010. In his Complaint, Plaintiff alleged that during the months of February through April 2010 the Defendants showed a deliberate indifference to his serious medical needs by exposing him to Tuberculosis and refusing to provide him with treatment. Plaintiff asserts, in his Objections, that the statute of

AO 72A
(Rev. 8/82)

limitation did not begin to run on those claims until November 2011 when a medical professional allegedly told him he had been exposed to Tuberculosis. (Doc. No. 14, p. 4). The Court disagrees. In his Complaint, Plaintiff states that he had knowledge of the alleged Tuberculosis exposure at the time of the exposure and that Defendants denied him a cell transfer and medical treatment at that time. (Doc. No. 1, p. 4) ("During the months of February, March, and April of 2010 The defendants in This claim showed a Deliberate Indifference To A serious Medical Need and did clearly rendered [sic] inadequate Care and Treatment to my emergency Medical Needs. The medical Staff Doctors and the Wardens exposed ME To Tuberculosis by Placing me in a Room at This Georgia State Prison with inmate Mr. Anthony who had Tuberculosis[.] Mr. Anthony did fill me in with The facts of his Disease and That he was Dying and After the fact that I had already been exposed to his Disease. . . . However Medical Staff Refused to give me Care and Treatment . . . they Refused to move me out of The room with Mr. Anthony."). "[T]he facts which would support a cause of action [were] apparent" to Plaintiff by no later than April 2010. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Therefore, Plaintiff would have had to file a cause of action in federal court on or before April 30, 2012, for his claim to be considered timely filed. See Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011); O.C.G.A. § 9-3-33. Plaintiff did not file his Complaint until May 14, 2012; as a result, the Magistrate Judge properly determined that Plaintiff's claims of deliberate indifference for action allegedly taken, or failed to be taken, by Defendants during the months of February through April 2010 are time-barred.

Plaintiff also argues, in his Objections, that Jarrell, Paul, King, and Brown should not be dismissed as Defendants in this action. Plaintiff did not state a claim against

2

Jarrell, Paul, King, or Brown in his Complaint. Objections are not the proper forum to bring claims. See Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009).

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's claims stemming from February through April 2010 are **DISMISSED**. Defendants Jarrell, Paul, King, and Brown are **DISMISSED**.

**SO ORDERED**, this 20 day of July, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA