FILED
U.S. DISTRICT COURT
2012 OCT 23 PH 2:50
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALONZO HAWKINS,

    Plaintiff,

v.                                                                CIVIL ACTION NO.: CV612-042

DR. TOMMY LEE JONES; DR. DEAN
BROOME; THERESA UNDERWOOD;
MARTHA LYNN; DR. CHEETAM;
SHANNON ROWLAND; and Nurse BURK,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants[1] filed a Motion to Dismiss, to which Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that on June 3, 2010, he requested medical attention seeking to be checked for Tuberculosis. Specifically, Plaintiff alleges that he sought chest x-rays

---

[1] Defendants Jones, Broome, Underwood, Lynn, and Rowland filed the instant Motion to Dismiss. Defendant Cheetam did not join in the Motion; however, the arguments made in support of the Motion apply also to Plaintiff's claims against Cheetam. The final Defendant, Nurse Burk, has never been served with Plaintiff's Complaint. By Order dated September 10, 2012, Plaintiff was instructed to provide an accurate name and/or address where Nurse Burk can be served within twenty-one (21) days of the date of that Order. Plaintiff failed to comply with the September 10, 2012, Order. Regardless, the arguments made in support of the Motion to Dismiss apply also to Plaintiff's claims against Burk.

AO 72A
(Rev. 8/82)

and blood work. Plaintiff alleges that "medical staff" denied him treatment. Plaintiff alleges that "medical staff continuously denied" him chest x-rays and blood work. (Doc. No. 1, p. 6). Plaintiff states that "medical staff" consists of Defendants Underwood, Lynn, Rowland, Burk, Dr. Jones, Dr. Broome, and Dr. Cheetam. Plaintiff's Complaint was served on those Defendants for potential deliberate indifference to Plaintiff's medical needs. Defendants contend, in their Motion to Dismiss, that Plaintiff has failed to state a claim for deliberate indifference upon which relief may be granted. Defendants also assert that they are shielded from liability under a theory of qualified immunity.

## STANDARD OF REVIEW

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

2

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Id. (internal punctuation and citation omitted). Importantly, with regard to a prison official's state of mind, a subjective standard is used, requiring the prison official to know of and disregard an excessive risk to inmate health or safety. Id. at 837. "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a

3

violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation omitted). With regard to the second prong, the Court of Appeals for the Eleventh Circuit applies the Farmer standard "requiring that a defendant know of and disregard an excessive risk to an inmate's health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). To show a violation of the Farmer standard, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327 (alteration in original) (citation omitted).

"[A] 'simple difference in medical opinion' is not deliberate indifference." Simpson v. Holder, 200 F. App'x 836, 839 (11th Cir. 2006) (quoting Waldrop v. Evans, 971 F.2d 1030, 1033 (11th Cir. 1989)). A claim that an inmate did not receive the medical attention he deemed appropriate is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs. See Harris, 941 F.2d at 1505 (noting

4

that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment).

By his own admission, Plaintiff was screened for Tuberculosis on March 24, 2009; November 10, 2009; March 25, 2010; and March 29, 2010.[2] (Doc. No. 42, p. 4). Each of these screenings was performed by questionnaire. (Id.). Plaintiff asserts, in his Response to Defendants' Motion to Dismiss, that screening by questionnaire "is not the proper screening for TB. Proper treatment is a cat-scan, chest-xray [sic], PPD, blood work, and sputum testing with follow-ups." (Doc. No. 42, p. 4). As previously stated, a claim that an inmate did not receive the medical attention he deemed appropriate is legally insufficient to sustain a cause of action for deliberate indifference. Plaintiff has not shown that Defendants knowingly disregarded a risk of serious harm to Plaintiff by screening him for Tuberculosis via questionnaire. As a result, Plaintiff has not pled facts sufficient to show that Defendants were deliberately indifferent to any of his serious medical needs.

Because Plaintiff has not shown that Defendants violated any of his constitutional rights, he has failed to state a claim against them under § 1983, and his Complaint should be dismissed. Because dismissal is appropriate based on Plaintiff's failure to state a claim upon which relief may be granted, a qualified immunity defense is not necessary. Martinez v. Burns, 2012 WL 653873 (11th Cir. March 1, 2012) (citing Carter v. Galloway, 352 F.3d 1346, 1350 n.10 (11th Cir. 2003)).

---

[2] Defendants assert that the screening dates were March 24, 2009; November 10, 2009; March 29, 2010; and May 25, 2010. (Doc. No. 31-1, p. 3). The difference is immaterial.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this 23rd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)