FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 NOV 19 AM 11: 03

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALONZO HAWKINS,

   Plaintiff,

v.

DR. TOMMY LEE JONES; DR. DEAN
BROOME; THERESA UNDERWOOD;
MARTHA LYNN; DR. CHEETAM;
SHANNON ROWLAND; and Nurse BURK,

   Defendants.

CIVIL ACTION NO.: CV612-042

## ORDER

Plaintiff filed an Objection to the Magistrate Judge's Report dated October 23, 2012, which recommended that Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objection, Plaintiff avers that the Magistrate Judge erroneously determined that screening for Tuberculosis by questionnaire is proper procedure. The Magistrate Judge found that Plaintiff has not shown that Defendants knowingly disregarded a risk of serious harm to Plaintiff by screening him for Tuberculosis via questionnaire.

"[A] 'simple difference in medical opinion' is not deliberate indifference." Simpson v. Holder, 200 F. App'x 836, 839 (11th Cir. 2006) (quoting Waldrop v. Evans, 971 F.2d 1030, 1033 (11th Cir. 1989)). A claim that an inmate did not receive the medical attention he deemed appropriate is legally insufficient to sustain a cause of action for

AO 72A
(Rev. 8/82)

deliberate indifference to serious medical needs. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment). By his own admission, Plaintiff was screened for Tuberculosis on March 24, 2009; November 10, 2009; March 25, 2010; and March 29, 2010.[1] (Doc. No. 42, p. 4). Each of these screenings was performed by questionnaire. (Id.). Plaintiff asserts, in his Response to Defendants' Motion to Dismiss, that screening by questionnaire "is not the proper screening for TB. Proper treatment is a cat-scan, chest-xray [sic], PPD, blood work, and sputum testing with follow-ups." (Doc. No. 42, p. 4). The Court agrees with the Magistrate Judge's determination that Plaintiff has not shown that Defendants knowingly disregarded a risk of serious harm to Plaintiff by screening him for Tuberculosis via questionnaire. Plaintiff's desire for a different method of screening is insufficient to state a claim for deliberate indifference.

Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this 19th day of Nov, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendants assert that the screening dates were March 24, 2009; November 10, 2009; March 29, 2010; and May 25, 2010. (Doc. No. 31-1, p. 3). The difference is immaterial.

2